IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINALD ARTHUR JENNINGS     *

    Petitioner     *

    v.     *    CIVIL ACTION NO. ELH-11-715

DAVID HELSEL, M.D.     *

    Respondent     *

**********

## MEMORANDUM OPINION

Pending is Reginald Arthur Jennings' self-represented 28 U.S.C. § 2241 petition for writ of habeas corpus. The respondent filed a motion to dismiss the petition. ECF 8.[1] No oral argument is necessary. See Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the Court, by separate Order, will deny Jennings' petition regarding his commitment and require further briefing as to his claim of forced medication.

### I.    BACKGROUND

Petitioner Reginald Arthur Jennings is a patient involuntarily committed to the Maryland Department of Health and Mental Hygiene ("DHMH"). A State of Maryland court, the District Court of Maryland for Baltimore City, found that Jennings was incompetent to stand trial, pursuant to Md. Code (2008 Repl. Vol.), Crim. Pro. Article, § 3-106(b). ECF No. 8, Ex. 4. Jennings filed his application for habeas corpus relief on March 17, 2011.[2] Petitioner contends

---

[1] Plaintiff actually sued the Attorney General of the State of Maryland. Doctor Helsel is the Chief Executive Officer of Spring Grove Hospital Center, where plaintiff is hospitalized.

[2] The petition also raised a civil rights claim pursuant to 42 U.S.C. § 1983, concerning petitioner's alleged forced medication. (ECF No. 1.)

that his due process rights have been violated by his continued commitment to the DHMH without his being brought to trial on his pending state criminal charges. ECF No. 1.

Jennings has not challenged his incompetency finding in state court. *Id.*, Ex. 1. An annual review of Jennings' competency is scheduled for December 15, 2011. *Id.*, Ex. 4.

## II. ANALYSIS

A. Involuntary Commitment

Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before a petitioner may file a petition seeking habeas relief in federal court, the petitioner must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. 28 U.S.C. § 2254(b) and (c); *Thomas v. Saint Elizabeth's Hosp.*, 720 F. Supp. 14, 15 (D.D.C. 1989).

Under Maryland law, Jennings is entitled to apply for a release hearing on at least an annual basis. *See* Md. Code, Crim. Pro. Article, § 3-106; Md. Code (2009 Repl. Vol.), Health-Gen. Article, § 10-805. If the petition for release is denied, he may then seek further review by filing an appeal. *See* Md. Code, Health-Gen. Article, § 10-805(h). Additionally, he is free to file a petition for habeas corpus at any time in state court. Md. Code, Health-Gen. Article, § 10-804.

Jennings has not instituted any state court proceedings regarding his confinement. ECF No. 8, Ex. 1. Both comity and judicial efficiency make it appropriate for this Court to insist on complete exhaustion before it addresses the issues raised by Jennings. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

### B. Forced Medication

The court gives liberal construction to Jennings' allegation of forced medication, finding that he has stated a due process claim under the Fifth Amendment. *See Sell v. United States*, 539 U.S. 166, 177 (2003). Respondent maintains that the complaint should be dismissed because Jennings failed to allege any facts in support of his claim of forced medication, and because Md. Code, Health-Gen Article, § 10-708, governing the procedures to be followed when a patient refuses medication, provides constitutionally sufficient due process. ECF No. 8. But, as indicated, self-represented filings are given liberal construction. Moreover, respondent has failed to provide any evidence regarding the forced medication issue. Absent documentary evidence, affidavits, or declaration(s) in support of this position, respondent is not entitled to dismissal.

### III. CONCLUSION

For the reasons stated herein, by separate Order, the motion to dismiss shall be granted in part and denied in part. The motion shall be granted as to Jennings' claims regarding his continued confinement. The motion shall be denied as to Jennings' due process claims arising from the alleged forced medication. Respondent shall be granted forty days from the date of this Memorandum Opinion to file another dispositive motion. A separate Order follows.

Dated: September 28, 2011

/s/
Ellen Lipton Hollander
United States District Judge